Amy F. Sorenson, Esq.
Nevada Bar No. 12495
Blakeley E. Griffith, Esq.
Nevada Bar No. 12386
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: asorenson@swlaw.com
       bgriffith@swlaw.com

*Attorneys for Wells Fargo Bank, N.A.*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| H&N INVESTMENT, LLC, a domestic limited liability company; HMLV CAPITAL LLC, a domestic limited liability company,<br><br>           Plaintiff,<br><br>vs.<br><br>MTC FINANCIAL INC. d/b/a TRUSTEE CORPS, a California corporation; WELLS FARGO BANK, N.A., a domestic corporation; and, DOES I through X, and ROES I through X, inclusive,<br><br>           Defendants. | CASE NO.<br><br>**PETITION FOR REMOVAL** |

TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), pursuant to 28 U.S.C. § 1332, hereby removes this Case No. A-15-713724-C, currently pending in Department XXII of the Eighth Judicial District Court, Clark County, Nevada (the "Action"). The removal of this Action is based on the following grounds:

## I.    SUMMARY OF PLEADINGS

On February 10, 2015, Plaintiff, H&N Investment, LLC and HMLV Capital LLC ("Plaintiffs"), filed a Complaint initiating the Action. A copy of all process and pleadings, is

attached pursuant to 28 U.S.C. § 1446. *See* **Exhibit A**.

## II. NATURE OF COMPLAINT

Plaintiffs' Complaint seeks injunctive relief preventing Defendants, or any of them, from extinguishing Plaintiffs' interest in the subject real property until Defendants comply with the notice requirements as set forth in NRS 108.070 3 and 4(a). The three causes of action asserted in the Complaint are Declaratory Relief, Unjust Enrichment and Violation of NRS 107.080.

## III. STATEMENT OF JURISDICTION

Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As discussed herein, this action is removable under 28 U.S.C. § 1441(a) because the district court has original jurisdiction under 28 U.S.C. § 1332 (diversity), venue is proper in the District of Nevada, and this Petition for Removal is timely filed.

### A. Complete Diversity Exists Among the Parties.

There is complete diversity between the parties. The Complaint pleads that both Plaintiffs are citizens of Nevada. (Compl. ¶¶ 1-2.) Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. Co-defendant MTC Financial Inc. is, and was at the time this action commenced, a California corporation, with its principal place of business in California. Wells Fargo is a national bank organized under the National Bank Act. For diversity jurisdiction purposes, a national bank is a citizen of the state designated as its main office on its organization certificate. 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306-07 (2006). Wells Fargo Bank, N.A. was, at the time of the filing of this action, and still is, a national banking association having its designated main office in South Dakota.

### B. The Amount in Controversy Requirement Is Satisfied.

The Action satisfies the amount in controversy requirement under 28 U.S.C. § 1332. Plaintiffs are claiming monetary damages in an unspecified amount in addition to costs of suit.

21163509

*See, e.g.*, Prayer for Relief. Additionally, Plaintiffs are seeking injunctive relief in order to prevent Defendant from foreclosing on its real property. In a suit to quiet title, or to remove a cloud therefrom, it is not the value of the defendant's claim which is the amount in controversy, but it is the whole of the real estate to which the claim extends." *Allum v. Mortgage Elec. Registration Sys., Inc.*, 2:12-CV-00294-GMN, 2012 WL 4746927 (D. Nev. Oct. 3, 2012) (citing *Garfinkle v. Wells Fargo Bank,* 483 F.2d 1074, 1076 (9th Cir.1973) (treating entire value of real property as amount in controversy in action to enjoin foreclosure sale).) "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohen v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *see also O'Connell v. JP Morgan Chase Bank, N.A.*, 3:11-CV-00685, 2012 WL 1739711 at *2 (D. Nev. May 11, 2012) (same). "A court may look to either the value of the indebtedness or the fair market value of the property to determine the amount in controversy in foreclosure claims." *O'Connell*, 2012 WL 1739711 at *2. The Clark County Assessor's Office reports the total taxable value of the real property identified in Plaintiffs' Complaint to be $298,206.00. (*See* Clark County Assessor Parcel Information, attached hereto as **Exhibit B**.) The value of the real property in which declaratory and injunctive relief is sought exceeds $75,000. Therefore, the aggregate amount of Plaintiffs' claims satisfies the amount in controversy requirement.

"If either party can gain or lose the jurisdictional amount," the amount in controversy requirement is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996). Accordingly, Plaintiffs' unspecified alleged damages, the value of the real property it seeks to prevent Defendant from foreclosing upon, is well in excess of $75,000.00. Consequently, the Action satisfies the amount in controversy requirement under 28 U.S.C. § 1332.

For this reason, and because this Action is between citizens of different states, this Court has original jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332(a), and this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

///

///

- 3 -

### IV. TIMELINESS OF AND CONSENT TO REMOVAL

A defendant must remove the case to federal court within 30 days of receipt of the complaint or "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b). The thirty-day period for removal does not begin to run until a party has received a copy of the complaint and been properly served. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Wells Fargo was served on February 24, 2015. Pursuant to 28 U.S.C. § 1446(b)(1), Wells Fargo has thirty days in which to remove, until March 26, 2015. This Petition for Removal is filed on March 24, 2015, and is therefore timely. Co-Defendant MTC Financial does not need to consent to the removal as it has not yet appeared in this action.

### V. CONCLUSION

Because Wells Fargo has timely filed a petition for removal for which this Court has original, diversity jurisdiction, the Action is properly removed to this Court.

Wells Fargo will also file a Notice of Removed Action in the Eighth Judicial District Court, Clark County, Nevada, a true and correct copy of which is attached hereto as **Exhibit C**.

Dated: March 24, 2015        SNELL & WILMER L.L.P.

By: /s/ Blakeley E. Griffith
Amy F. Sorenson, Esq.
Blakeley E. Griffith, Esq.
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, Nevada 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252

*Attorneys for MTC Financial Inc. and Wells Fargo Bank, National Association*

- 4 -

21163509

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **PETITION FOR REMOVAL** by the method indicated:

___ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

___ **BY E-MAIL:** by transmitting via e-mail the document(s) listed above to the e-mail addresses set forth below and/or included on the Court's Service List for the above-referenced case.

_X_ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

___ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

___ **BY PERSONAL DELIVERY:** by causing personal delivery via messenger service of the document(s) listed above to the person(s) at the address(es) set forth below.

_X_ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

and addressed to the following:

Mont E. Tanner, Esq.
Law Offices of Mont E. Tanner
2950 East Flamingo Road, Suite G
Las Vegas, NV 89121

DATED: March 25, 2015

*Mary Full* (signature)
An Employee of Snell & Wilmer L.L.P.

21163509