# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| H&N INVESTMENTS, LLC, et al., ) | |
| Plaintiffs, ) | Case No. 2:15-cv-00550-APG-CWH |
| vs. ) | **ORDER** |
| MTC FINANCIAL, INC., et al., ) | |
| Defendants. ) | |

This matter is before the Court on the parties' Joint Motion to Stay Discovery Pending Resolution of Motion to Dismiss (ECF No. 25), filed on August 4, 2015.

## BACKGROUND

This action arises out of a dispute related to residential real property purchased at a bankruptcy trustee sale pursuant to a bankruptcy quitclaim deed. (Compl. (ECF No. 1-1) at 6-33.) On February 10, 2015, Plaintiffs H&N Investment, LLC ("H&N") and HMLV Capital, LLC ("HMLV"), as successor in interest of H&N's interest in the subject property, filed an action in state court against Defendants MTC Financial, Inc. d/b/a Trustee Corps. ("MTC Financial") and Wells Fargo Bank, N.A. ("Wells Fargo") alleging claims for declaratory relief, unjust enrichment, and violation of Nevada Revised Statutes § 107.808. (*Id.* at 9-11.) Defendant Wells Fargo removed the case to this Court on March 25, 2015. (Pet. for Removal (ECF No. 1).)

On May 1, 2015, Wells Fargo moved to dismiss, or in the alternative, for summary judgment. (Countermot. to Dismiss or, in the Alternative, for Summ. J. (ECF No. 19).) Wells Fargo argues dismissal or, in the alternative, summary judgment is warranted because Plaintiffs took the property subject to any claims, liens, and other encumbrances, including Wells Fargo's pre-existing deed of trust. Wells Fargo further argues that the sale is void because H&N did not

record the bankruptcy quitclaim deed within fourteen days of the sale and never recorded the bankruptcy court order.  Wells Fargo also argues that, contrary to Plaintiffs' claims, Wells Fargo complied with the statutory notice requirements for foreclosure proceedings, it has not retained a benefit that belonged to Plaintiffs, and that Plaintiffs had no right to a "reasonable opportunity to cure" because they took the property subject to Wells Fargo's lien.  In their response to Wells Fargo's motion, Plaintiffs argue that H&N timely recorded its interest in the subject property and that Plaintiffs have stated claims for declaratory relief, unjust enrichment, and violation of § 107.080.  (Pls.' Opp'n to Def. Wells Fargo Bank's Countermot. to Dismiss or, in the Alternative, for Summ. J. (ECF No. 22).)

The parties now jointly move to stay discovery pending the resolution of Wells Fargo's motion to dismiss.  (Joint Mot. to Stay Discover Pending Resolution of Mot. to Dismiss (ECF No. 25).)  The parties argue that the pending motion to dismiss is potentially dispositive of the entire case and that no discovery is needed at this time to resolve the pending motion.  In joining the motion, Plaintiffs do not concede that Wells Fargo's motion has merit, but they recognize the efficiency that results from a stay under the circumstances of this case.

## **DISCUSSION**

The Federal Rules of Civil Procedure do not provide for automatic stays of discovery when a potentially dispositive motion is pending.  *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) (stating that a stay of discovery is directly at odds with the need for expeditious resolution of litigation).  Thus, the fact that a dispositive motion is pending is not "a situation that in and of itself would warrant a stay of discovery."  *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted).  Nor does the fact that "discovery may involve some inconvenience and expense" automatically warrant a stay of discovery.  *Id.*  Rather, the Court weighs Rule 1's directive that the Federal Rules of Civil Procedure must "be construed and administered to secure the just, speedy, and inexpensive determination of every action" against "the underlying principle that a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief."  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).  The party seeking the stay

"carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys., Inc.*, 175 F.R.D. at 556.

In determining whether to stay the discovery, the Court considers whether (1) the pending motion is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the pending potential dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). This analysis requires the Court to take a "preliminary peek" at the merits of the pending dispositive motion. *Tradebay*, 278 F.R.D. 597 at 603. It is within the Court's broad discretion to control discovery to determine whether a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Here, the Court took a "preliminary peek" at the pending dispositive motion and finds that Wells Fargo made the strong showing necessary to support the requested stay. At the heart of this case is Plaintiffs' claim that Wells Fargo violated § 107.080 because it failed to provide "notice of the default and election to sell and/or notice of trustee sale to all persons with an interest in property, including plaintiffs." (Compl. (ECF No. 1-1) at ¶ 30.) Wells Fargo disagrees on the grounds that the sale to Plaintiffs was void. Wells Fargo argues Plaintiffs do not have standing to challenge the foreclosure proceedings because they do not have any interest in the property and thus were not entitled to the notice of default or trustee's sale. Specifically, Wells Fargo argues that the bankruptcy order in this case, which is the basis for H&N's claim to ownership, required H&N to record the bankruptcy's quitclaim deed and the bankruptcy order within fourteen days of the sale, or the sale would be automatically void. Because H&N failed to do so in a timely fashion, Wells Fargo argues that H&N retained no interest in the property, and therefore had no property interest to transfer to HMLV.

Plaintiffs respond that the sale was not void and that they have standing because they timely recorded the quitclaim deed within fourteen days from the date they received the deed. Assuming this is true, Plaintiffs do not address their alleged failure to record the bankruptcy order. The bankruptcy order states that the failure to record the order, among other documents, within fourteen days will void the sale. (Req. for Jud. Notice (ECF No. 17), Ex. 6 at ¶ 4.) It therefore appears to

the Court, in its "preliminary peek" at the pending motion dispositive motion, that the deed is void, and that Wells Fargo is likely to prevail because H&N did not possess an interest in the property. If H&N has no interest in the property, then it could not have transferred any rights to HMLV. Plaintiffs cannot state a claim for violation of statutory notice requirements if they did not own the property.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** the parties' joint motion to stay of discovery pending resolution of motion to dismiss (ECF No. 25) is **granted.**

If the district judge denies the motion to dismiss, the parties must meet and confer and file a proposed discovery plan and scheduling order within 14 days from the date of the order denying the motion to dismiss. The proposed discovery plan and scheduling order must comply with LR 26-1(e), with discovery deadlines measured from the date of the order on the motion to dismiss.

DATED: September 8, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**